UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

RAFEAL D. NEWSON,

    Plaintiff,

v.                                                                     Case No. 19-C-219

SUPERIOR COURT OF PIMA COUNTY, et al.,

    Defendants.

## SCREENING ORDER

Plaintiff Rafeal D. Newson, who is currently representing himself and incarcerated at Dodge Correctional Institution, filed a complaint for a civil case alleging breach of contract against Defendants Superior Court of Pima County and Milwaukee County Court. Plaintiff paid the $400.00 filing fee in this action on February 26, 2019. On February 28, 2019, Plaintiff filed a motion for leave to proceed without prepayment of the filing fee (*in forma pauperis*). Because Plaintiff has paid the filing fee, his motion to proceed *in forma pauperis* will be denied as moot. The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain sufficient factual matter "that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570

(2007)). The court accepts the factual allegations as true and liberally construes them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 651 (7th Cir. 2013). Nevertheless, the complaint's allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

Plaintiff's breach of contract claim relates to his extradition from Arizona to face a homicide charge in Wisconsin. He claims that a Circuit Court of Milwaukee County judge "rubber-stamped" an extradition packet that included a complaint that did not bear a case number or a file stamp from the Clerk of Court establishing that the complaint was authentic. Plaintiff asserts that the Superior Court of Pima County erred in extraditing him based on the invalid extradition packet. He claims he entered into a contract with the Circuit Court of Milwaukee County and the Superior Court of Pima County, in which the defendants agreed to comply with the Interstate Agreement on Detainers Act, and that the defendants breached the contract by improperly extraditing him from Arizona.

To the extent Plaintiff seeks to pursue state law claims of breach of contract against the defendants, the court lacks subject matter jurisdiction. Subject matter jurisdiction cannot be waived and may be "raised *sua sponte* by the court at any point in the proceedings." *Hawxhurst v. Pettibone Corp.*, 40 F.3d 175, 179 (7th Cir. 1994). Diversity jurisdiction exists when there is complete diversity of citizenship among the parties to an action and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a)(1). Complete diversity of citizenship means that "none of the parties on either side of the litigation may be a citizen of the state of which a party on the other side is a citizen." *Howell v. Tribune Entm't Co.*, 106 F.3d 215, 217 (7th Cir. 1997). In this case, complete diversity does not exist because Plaintiff and the Circuit Court of Milwaukee County are citizens of Wisconsin. As a result, complete diversity is lacking, and this court has no subject matter jurisdiction over this action.

**IT IS THEREFORE ORDERED** that this civil action is **DISMISSED** for failing to allege facts establishing that this court has subject matter jurisdiction over Plaintiff's state law claims. Because this matter is dismissed for lack of subject matter jurisdiction, Plaintiff does not incur a "strike" under 28 U.S.C. § 1915(g).

**IT IS FURTHER ORDERED** that Plaintiff's motion for leave to proceed without prepayment of the filing fee (ECF No. 5) is **DENIED as moot**.

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment accordingly.

**IT IS FURTHER ORDERED** that copies of this order be sent to the officer in charge of the agency where the inmate is confined.

Dated this  28th  day of February, 2019.

> s/ William C. Griesbach
> William C. Griesbach, Chief Judge
> United States District Court

---

This order and the judgment to follow are final. The plaintiff may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within **30 days** of the entry of judgment. *See* Fed. R. App. P. 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). If the plaintiff appeals, he will be liable for the $505.00 appellate filing fee regardless of the appeal's outcome. If the plaintiff seeks leave to proceed *in forma pauperis* on appeal, he must file a motion for leave to proceed *in forma pauperis* with this court. *See* Fed. R. App. P. 24(a)(1). The plaintiff may be assessed another "strike" by the Court of Appeals if his appeal is found to be non-meritorious. *See* 28 U.S.C. § 1915(g). If the plaintiff accumulates three strikes, he will not be able to file an action in federal court (except as a petition for habeas corpus relief) without prepaying the filing fee unless he demonstrates that he is in imminent danger of serous physical injury. *Id.*

Under certain circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of judgment. The court cannot extend these deadlines. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.